UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GLENDORA C. NORWOOD, TRUSTEE OF THE NORWOOD FAMILY TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK National Association, including; NDEX West, L.L.C.; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property, described in the Complaint adverse to Plaintiff's title, and any cloud on Plaintiff's title thereto, and Does 1-100, inclusive,<br><br>Defendants. | Case No:  C 11-00922 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Dkt. 18 |

The parties are presently before the Court on Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 18.  Wells Fargo noticed its motion for June 14, 2011.  Under the version of Local Rule 7-3 in effect at the time the motion was filed, any opposition or statement of non-opposition had to be filed no later than twenty-one days before the noticed hearing date.  As such, Plaintiff's response to the instant motion should have been filed by no later than May 24, 2011.  Plaintiff did not file an opposition to the motion to dismiss.

Although it could have granted the motion based on Plaintiff's failure to file an opposition,[1] the Court, in consideration of less drastic alternatives to dismissal, sua sponte

---

[1] Paragraph 8 of the Court's Standing Orders expressly warns as follows:  "**Effect of Failing to Oppose a Motion**:  The failure of the opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion."  Dkt. 16 at 5.

continued the motion hearing and granted Plaintiff until June 21, 2011, to file a response. The Court's order stated:

> Plaintiff shall file her opposition to Defendant's motion to dismiss by no later than **June 21, 2011**. If Plaintiff does not intend to prosecute this action, she should file a stipulation for dismissal under Rule 41(b), a request for dismissal under Rule 41(a), or a statement of non-opposition by that deadline. The failure timely comply with this Order will result in the dismissal of the action.

Dkt. 19 at 2. To date, Plaintiff has neither filed an opposition or statement of non-opposition to the motion to dismiss.

## I. DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992). As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant case, where Plaintiff has impeded the Court's ability to move this case forward by failing to respond to Wells Fargo's motion to dismiss and failing to comply with the requirements of the Court's scheduling orders.

The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine

1 noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing
2 court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance
3 with a court's order diverts "valuable time that [the court] could have devoted to other
4 major and serious criminal and civil cases on its docket.").

5     The third factor, the risk of prejudice to the defendants, generally requires that "a
6 defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial
7 or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at,
8 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's
9 reason for defaulting." Id. Here, Plaintiff has offered no explanation for her failure to
10 respond nor is any apparent from the record. Indeed, Plaintiff has had over three months to
11 prepare her opposition. These facts also weigh strongly in favor of dismissal. See Yourish,
12 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

13     As to the fourth factor, the Court has already considered less drastic alternatives to
14 dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's
15 failure to oppose a motion, the Court will construe such inaction as a consent to the
16 granting of the unopposed motion. In addition, the Court sua sponte afforded Plaintiff a
17 second opportunity to file an opposition (or statement of non-opposition), and again warned
18 Plaintiff that the failure to respond would result in the dismissal of the action. "[A] district
19 court's warning to a party that failure to obey the court's order will result in dismissal can
20 satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at
21 1262.

22     The final factor, which favors disposition of cases on the merits, by definition,
23 weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of
24 cases on the merits. Thus, this factor weighs against dismissal.").

25 **II.  CONCLUSION**

26     In sum, the Court concludes that four of the five relevant factors weigh strongly in
27 favor of granting Defendant's unopposed motion and dismissing the action in its entirety.
28

1  Id. (affirming dismissal where three factors favored dismissal, while two factors weighed
2  against dismissal).² Accordingly,
3     IT IS HEREBY ORDERED THAT Defendant Wells Fargo's unopposed motion to
4  dismiss is GRANTED. The instant action is DISMISSED WITHOUT PREJUDICE,
5  pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk shall close the file and
6  terminate all pending matters and deadlines.  The hearing scheduled for July 26, 2011, is
7  VACATED.
8     IT IS SO ORDERED.
9  Dated:  June 29, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

² Although NDEX did not join in Wells Fargo's motion, the Court notes that the relevant considerations under Rule 41(b), as set forth above, apply to the entirety of the action, as opposed to Wells Fargo exclusively.